# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SHANNON DEAN TAYLOR**                                                                                                      **PLAINTIFF**

**v.**                                                                                        **CIVIL ACTION NO. 1:22-cv-215-TBM-RPM**

**CASEY FAVRE,** *et al.*                                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Shannon Dean Taylor's failure to comply with Court Orders. Plaintiff filed this lawsuit on August 18, 2022, challenging the conditions of his confinement at the Hancock County Adult Detention Center. [1].

On August 23, 2022, the Court sent Plaintiff a packet of information about his case pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. [3]. Plaintiff was "directed that if he . . . wants to continue with this case," he must "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." [3], p. 1. Alternatively, Plaintiff was "directed that if he . . . wants to dismiss this case," he must "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." [3], p. 1. Plaintiff was "warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, and without further written notice." [3], p. 2. That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned by the postal service as undeliverable. Plaintiff did not comply within the 30-day deadline.

On September 23, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's Order [3]. The Order to Show Cause [4]

extended Plaintiff's responsive deadline to October 7, 2022, and warned him "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [4], p. 2. The Order to Show Cause [4] was mailed to Plaintiff at his last-known mailing address, and it was returned by the postal service as undeliverable in an envelope marked "released." [5]. Plaintiff did not comply with the Order to Show Cause [4] before the October 7 deadline.

On October 11, 2022, the Court entered a Second and Final Order to Show Cause [6], extending Plaintiff's responsive deadline to October 25, 2022. Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [6], p. 2 (emphasis in original). Though he has not notified the Court of a change of address, the Court learned that Plaintiff was relocated to the South Mississippi Correctional Institute ("SMCI") on August 29, 2022. *See* Inmate Details, Shannon Dean Taylor, https://www.ms.gov/mdoc/inmate/Search/GetDetails/235620 (last accessed Nov. 10, 2022). So the Second and Final Order to Show Cause [6] was mailed to Plaintiff at his last-known mailing address and to his attention at SMCI. Neither mailing was returned by the postal service as undeliverable. Plaintiff did not timely comply with the Second and Final Order to Show Cause, and he has not communicated with the Court about his lawsuit since the Complaint was filed on August 18, 2022—despite being warned three times that a failure to comply or notify the Court about a change in address may lead to the dismissal of his case. *See* [3], p. 2; [4], p. 2; [6], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v.*

2

*Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with the Court's Orders [3] [4] [6], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**. This CASE is CLOSED.

**THIS, the 10th day of November, 2022.**

                                                        **TAYLOR B. McNEEL**
                                                       **UNITED STATES DISTRICT JUDGE**